PER CURIAM.
Following a guilty plea, appellant was convicted of DUI and driving while license suspended and sentenced to five years imprisonment, the maximum term for his offenses. There was no direct appeal. In the instant motion for post-conviction relief, appellant asserts that his attorney was ineffective for failing to act as a counselor and to provide assistance with regard to the plea. Appellant contends that the trial court offered him a plea bargain but gave no concessions and sentenced him to the maximum term of imprisonment. Appellant alleges that if he had understood that the offer of a plea bargain meant that he could receive the maximum penalty, he would not have entered the plea.
We find the claim raised by the appellant to be legally sufficient for a motion for post-conviction relief, reverse the summary denial of relief, and remand this case to the trial court for the attachment of portions of the record refuting appellant’s claim that defense counsel was ineffective for failing to properly advise him of the consequences of his acceptance of the plea offer. See Taylor v. State, 647 So.2d 854 (Fla. 1st DCA 1994).
STEVENSON, C.J., SHAHOOD and HAZOURI, JJ., concur.